INHABITANTS OF VEAZIE *versus* INHABITANTS OF HOWLAND.

By R. S., c. 24, § 24, expenses for the relief of paupers, " incurred within three months before notice given to the town chargeable, may be recovered by the town incurring the same, against the town liable, in an action commenced within two years after the cause of action accrued, and not otherwise."

When no answer is returned by the defendant town, the " cause of action" is deemed to " accrue" at the expiration of two months from the time the notice was given.

When an answer denying their liability is returned, the " cause of action" is deemed to " accrue" at the time the answer is received by the plaintiff town.

*Cutler* v. *Maker*, 41 Maine, 594, examined and overruled; *Robbinston* v. *Lisbon*, 40 Maine, 287; *Sanford* v. *Lebanon*, 26 Maine, 461; *Camden* v. *Lincolnville*, 16 Maine, 384; and *Belmont* v. *Pittston*, 3 Greenl., 453, reaffirmed.

Inhabitants of Veazie *v.* Inhabitants of Howland.

For every new action for supplies furnished by a town, a new notice must be given within two years and two months at most before the suit is commenced, even though a former action between the same parties for the support of the same pauper is still pending.

On Report from *Nisi Prius*, Appleton, C. J., presiding.

Assumpsit for supplies furnished paupers having a settlement in the defendant town.

This is a second action between the same parties for supplies furnished the same paupers.

The writ is dated Dec. 2, 1862.

The items charged are of the following dates, viz. : March, May and Nov., 1860, and Nov., 1861, and Nov. 20, 1862.

Notices proved bore the following dates : April 6, 1860, Dec. 14, 1859, Feb. 24, 1859.

The plaintiffs proved that they commenced an action against the defendants, Feb. 24, 1859, for the support of the same paupers from May, 1857, to Feb. 8, 1859, which was duly entered and continued to the present term, when it was referred to the Court, who gave judgment for the plaintiffs for sum sued for ; that the case was carried up, on report by the defendants, to settle the law ; that the plaintiffs proved notices in that case of the following dates, which notices were by agreement to be considered as in proof in this case, viz. : June 25, 1857, Feb. 3, 1858, March 30, 1858, and Dec. 15, 1858.

That, on June 27, 1857, the defendant town answered the plaintiffs' notice of June 25, 1857, denying their liability,. and contested the question of sttlement in the former action.

It was admitted that there were no supplies furnished from Feb. 8, 1859, — last item in former writ, — until March, 1860, — first item in the writ in this action.

The case was then continued on report, with the agreement that if upon the foregoing facts the action cannot be maintained for want of notice, plaintiffs were to become nonsuit, otherwise, the action to stand for trial.

Inhabitants of Veazie *v.* Inhabitants of Howland.

*J. A. Peters,* for the plaintiffs.

Writ is dated, in this case, Dec. 2, 1862. The statute of limitations, where no answer was made, would be two years three months and sixty days. At all events, the four last items in the account are within the limitations. And these are supplies furnished *Melvin,* (Melvin Brawn.)

The notices given before the first suit are sufficient notice for the subsequent suit, the first call not having been responded to by *payment;* or by a *removal;* or *settled* by a judicial decision. *Augusta* v. *Vienna,* 21 Maine, 298.

There are two cases in *Massachusetts* which militate against this position. 4 Pick., 358 ; 14 Mass., 188.

But there *may* be this distinction between those cases and this case. From an examination of those cases, it is not clear that in the original actions the pauper's settlement was contested.

The reason given in the book discussions for the necessity of a notice would not seem to apply in this case. Because the defendant town may provide for the bill or remove the pauper. But what need of a notice to them for that purpose, when they have already refused to do either, and for the reason that they deny the settlement of the pauper in their town, and that question is in progress of contestation.

But the case at bar differs from the cases alluded to in another respect, which answers the objection upon which those cases were decided. It is said that the new notice was necessary, because the town would not know whether the pauper continued to be supplied after the suit was commenced. But here there is a *subsequent* as well as a *prior* notice. Here was notice in 1859 and in 1860. There was no need of continuing notices. The ones of 1859 and 1860, coupled with notices prior to the first suit, were all sufficient for all purposes till the question was settled.

The plaintiffs, therefore, having made out notice, they can recover so much of their bill as comes at least within three months and two years before date of writ.

WALTON, J.—Expenses for the relief of paupers, "incurred within three months before notice given to the town chargeable, may be recovered, by the town incurring the same against the town liable, in an action commenced within two years after the cause of action accrued, and not otherwise." R. S., c. 24, § 24. The cause of action is deemed to accrue, when no answer is returned by the defendant town, at the expiration of two months from the time the notice was given. If an answer is returned, denying their liability, the cause of action is deemed to accrue at the time the answer is received by the plaintiff town. If an action is commenced within two years after the cause of action thus accrues, the plaintiff town may recover, not only such expenses as were incurred before the notice was given, but such also as were incurred for the same paupers after the notice was given and before the date of the writ. This is allowed to avoid a multiplicity of suits and useless notices. But, if no suit is brought within the two years, the right to recover is barred, not only with respect to such items of expense as were incurred before the two years commenced running, but also with respect to such as were incurred within the two years.

These principles are decisive of the case now under consideration. The last notice to the defendant town was more than two years and a half before the action was commenced. It is clear, therefore, that it cannot be maintained. We are unable to distinguish it in principle from the case of *Robbinston* v. *Lisbon*, 40 Maine, 287. In that case the action was commenced more than two years after an answer was returned; and no new notice having been given, it was held that the action could not be maintained, although most of the expense sought to be recovered in that case, as in this, was incurred within two years after notice to the defendant town, and less than two years before the action was commenced. We regard this as a decisive authority against the right of the plaintiffs to recover in this action.

The case shows, that when this suit was commenced there

Inhabitants of Veazie *v.* Inhabitants of Howland.

was a previous suit pending between the same parties for the support of the same paupers, in which the question of settlement was being litigated; but we do not think these facts ought to influence the decision in this case. Nor can the notices, on which that suit was based, nor the subsequent notices, none of them being within two years and two months before this suit was commenced, aid the plaintiffs' case. "The law is very explicit," says Chief Justice SHAW, "that, for every new action, a new notice must be given, even though a former action, between the same parties for the support of the same paupers, is still pending." (*Cummington* v. *Wareham*, 9 Cush., 591.) And, we may add, that such new notice must, in every case, be within two years and two months before the suit is commenced, or it will not be sufficient; and sooner, even, as we have already explained, if an answer, denying liability, is received in less than two months from the time the notice was given. In other words, the suit must be commenced within two years after an answer denying liability is returned, or, if no answer is returned, within two years after the expiration of the two months which the law allows the defendant town within which to return an answer, or it cannot be maintained. This suit was not commenced for more than two years and seven months after notice given, and consequently cannot be maintained.

We notice a discrepancy between the opinion in *Cutler* v. *Maker*, 41 Maine, 594, and several previous cases, in relation to the time when the two years limitation commences to run. In *Cutler* v. *Maker*, it is said to begin at the time of the delivery of notice that the expenses have been incurred, while, in *Belmont* v. *Pittston*, 3 Greenl., 453, and *Sanford* v. *Lebanon*, 26 Maine, 461, and *Robbinston* v. *Lisbon*, 40 Maine, 287, a different rule is laid down. The rule stated in *Cutler* v. *Maker*, appears to be the one adopted in Massachusetts, and is supported by the marginal notes of the reporter in *Camden* v. *Lincolnville*, 16 Maine, 384, and *Augusta* v. *Vienna*, 21 Maine, 298. But the marginal note

in *Camden* v. *Lincolnville*, is not only not supported by the opinion of the Court in the case, but is directly in conflict with it; and it seems surprising that such an error should have so long escaped detection. In *Augusta* v. *Vienna*, the Court remarked that a notice becomes inoperative after two years, which is undoubtedly true; but the Court were not then defining the time when the two years would commence running; that had been done in *Belmont* v. *Pittston* many years before, and the remark does not warrant the inference that the Court intended to overrule that decision and establish a new rule.

The correct rule, and the one by which the Court will be guided, is that stated in *Robbinston* v. *Lisbon*, 40 Maine, 287, supported by *Belmont* v. *Pittston*, 3 Greenl., 453, and *Sanford* v. *Lebanon*, 26 Maine, 461; namely, that when an answer denying liability is returned, the two years will commence running at that time; and when no such answer is returned, the two years will commence running at the expiration of two months from the time the notice was given.

The statement of a different rule in *Cutler* v. *Maker*, 41 Maine, 594, was undoubtedly an inadvertence, into which the learned Judge who drew the opinion was probably led by the erroneous notes of the reporter, before referred to, which are copied into Eastman's Digest without correction.

We have deemed it advisable to make this explanation to guard against any misunderstanding as to which rule the Court will be guided by in the future.

*Plaintiffs nonsuit.*

APPLETON, C. J., CUTTING, DAVIS and KENT, JJ., concurred.